# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO. 1:10-CV-139

**FLOYD M. FARMER**                                                                                     **PLAINTIFF**

**v.**

**CITY OF RUSSELLVILLE**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion for More Definite Statement (Docket #4). Plaintiff has responded (Docket #5). Defendant has not replied. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Floyd M. Farmer filed suit against Defendant City of Russellville in state court on or about May 10, 2010. Plaintiff's Complaint contains eight counts: (1) Wrongful Termination; (2) Libel; (3) Slander; (4) Defamation; (5) Tortious Interference with Plaintiff's Ability to Earn Money; (6) Violation of Express or Implied Contract; (7) Promissory Estoppel and Fraudulent Inducement; and (8) Intentional Infliction of Emotional Distress or the Tort of Outrage. Summonses were issued on May 11, 2010, and August 10, 2010. Defendant removed the case to this Court on September 7, 2010, citing federal jurisdiction pursuant to 28 U.S.C. § 1331.

On September 16, 2010, Defendant filed the present motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendant argues that it cannot respond to Plaintiff's Complaint in good faith because of the vagueness and ambiguity of Plaintiff's allegations. Plaintiff objects and states that Defendant will have an opportunity during discovery to obtain evidence, and motions for more definite statements are generally disfavored.

**STANDARD**

According to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion must be made by the responding party before any responsive pleading is filed. *Id.* The motion "must point out the defects complained of and the details desired." *Id.* The purpose of Rule 12(e) is to clear up ambiguities within the pleadings; it is not a substitute for discovery. *See Becker v. Clermont County Prosecutor*, 2008 WL 2230178 (S.D. Ohio 2008) ("Motions for a more definite statement are not favored by the courts in light of the availability of pretrial discovery procedures."). A complaint must only provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

**DISCUSSION**

Defendant argues that the Complaint contains only conclusory statements of law which fail to provide the Defendant with a proper basis on which to reasonably respond. Specifically, Defendant alleges that Plaintiff's Counts II, III, and IV fail to identify any factual information as to the allegedly false statements. In addition, Defendant argues that Plaintiff has failed to properly allege fraud under Count VII.

Plaintiff's Complaint states that he was an employee of Defendant from March 8, 2004, until he was terminated on July 20, 2009. Plaintiff was a full-time maintenance worker for the

Department of Waste Water. On July 2, 2009, Plaintiff and two other employees traveled in a City vehicle to look at a sewer issue. The driver of the vehicle, one of the other employees, pulled off the road at one point to allow another car to pass. At this moment, the bottom of the vehicle scraped the edge of the pavement. The three employees returned to the Department of Waste Water and entered the building. Plaintiff first stopped to remove his personal belongings from the vehicle. At the time Plaintiff entered the building, his supervisor, Ace Danes, was questioning the other two employees. Later that day, Mr. Danes informed Plaintiff that he was suspended pending a termination hearing. Plaintiff was notified by letter on July 20, 2009, that he had been terminated. Plaintiff's Complaint states that "[t]he pretextual reason given for the termination was failure to report an accident that occurred on July 2, 2009." Complaint, DN 1-1, ¶ 12.

A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* District courts have repeatedly found that libel and slander claims fail to meet the requirements of Federal Rule of Civil Procedure 8 when they fail to allege the substance of the statements and identity of the parties involved. *See, e.g.*, *Hawkins v. Kiely*, 250 F.R.D. 73, 75 (D. Me. 2008) (citing *PAI Corp. v. Integrated Sci. Solutions, Inc.*, No. C-06-5349 JSW (JCS), 2007 WL 1229329, at *8 (N.D. Cal. Apr. 25, 2007); *Hackman v. Dickerson Realtors, Inc.*, 520 F. Supp. 2d 954, 975 (N.D. Ill. 2007); *Coffman v. United States*, No. CIV-07-349-F, 2007 WL 1598635, at *1 (W.D. Okla. June 4, 2007); *Hides v. CertainTeed Corp.*, CIV. A. No. 94-7352, 1995 WL 458786, at *3 (E.D. Pa.

July 26, 1995)); *Crook v. Peacor*, 579 F. Supp. 853, 857 (E.D. Mich. 1984).

The Court agrees with Defendant that Plaintiff's Counts II, III, and IV fail to provide sufficient factual allegations to provide Defendant with the opportunity to reasonably respond. All three Counts contain only vague allegations about "false and malicious words spoken by Defendant's agents." Complaint, DN 1-1, ¶¶ 18, 21, 25. There is no indication of the substance of these words or the parties involved. Defendant cannot respond to Plaintiff's allegations if Defendant is unaware of the conduct of which Plaintiff speaks. Nor may Defendant properly plead any defenses. Accordingly, the Court grants Defendant's motion as to Counts II, III, and IV.

Plaintiff's Count VII for Promissory Estoppel and Fraudulent Inducement is equally lacking in sufficient factual allegations. Count VII alleges that "Defendant, through its Policies and Procedures, made certain representations to the Plaintiff upon which he relied that he would be terminated only for good cause." Complaint, DN 1-1, ¶ 37. The Complaint continues by alleging that "Plaintiff reasonably relied upon these representations made by the Defendant, when in fact these representations were false in that the Plaintiff was terminated without good cause and not without basis, or was not reasonable under the Defendant's Policies and Procedures." Complaint, DN 1-1, ¶ 38.

The Federal Rules of Civil Procedure require that a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 12(b). The Sixth Circuit has held that this requires a plaintiff to plead, at a minimum, "'the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Coffey v. Foamex*

4

*L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)). Plaintiff has clearly failed to allege the time, place, and content of the alleged misrepresentation, as well as Defendant's intent. Accordingly Defendant's motion for a more definite statement is granted as to Count VII.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion is GRANTED. Plaintiff shall have fourteen (14) days from the filing of this Memorandum Opinion and Order by which to file a more definite statement or, in the alternative, an Amended Complaint. If such a statement is not filed within fourteen (14) days, "the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).